52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Wendell HALE, Plaintiff-Appellant,
v.
Jerry FEE, Defendant-Appellee.
 No. 94-6219.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1995.
 
 Before: MERRITT, Chief Judge; GUY and SILER, Circuit Judges.
 
 ORDER
 
 1
 Wendell Hale, a pro se Kentucky state prisoner, appeals the dismissal of his complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hale is currently serving a sentence of life imprisonment for a murder conviction. In this complaint, he alleged that defendant, a police officer, had violated Hale's due process and equal protection rights by withholding exculpatory evidence at Hale's trial which would have supported Hale's theory of self defense and by failing to arrest the murder victim on an earlier occasion for a burglary which he committed. The district court dismissed the complaint without prejudice.
 
 
 3
 Upon review, we conclude that the complaint was properly dismissed. Hale cannot maintain a Sec. 1983 action alleging that exculpatory evidence was withheld at his trial unless and until he can show that the criminal proceedings have terminated in his favor, or that his conviction has been reversed or set aside. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Hale's claim that his murder victim should have been previously arrested similarly lacks an arguable basis in law. The government has no duty to protect citizens from the wrongs of private actors absent a special relationship between the government and the alleged tortfeasor or the victim. See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 194-97 (1989); Jones v. City of Carlisle, Ky., 3 F.3d 945, 949-50 (6th Cir.1993), cert. denied, 114 S.Ct. 1218 (1994). Moreover, even assuming that a constitutional violation had occurred by the failure to arrest, Hale failed to show that such was the proximate cause of any injury to him. See Cameron v. City of Pontiac, Mich., 813 F.2d 782, 786 (6th Cir.1987).
 
 
 4
 Accordingly, the dismissal of this complaint is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.