Luis RUIZ, Plaintiff–Appellant,

v.

Bill MARTIN, et al., Defendants–Appellees,

No. 02–1359.

United States Court of Appeals, Sixth Circuit.

July 17, 2003.

Before KENNEDY and COLE, Circuit Judges; and WILLIAMS, District Judge.*

KENNEDY, Circuit Judge.

Plaintiff Luis Ruiz appeals from the district court's grant of summary judgment in favor of Defendants Douglas Kienert, Todd Ninnis, and Matthew Mitchell (corrections officers) on his claim of excessive force and Defendants Steven Myers, James Conklin, Paul Wiese, Larry Carolyn, Linda Johnson, and Michael Engelsgjerd (medical staff) on his claim of deliberate indifference to serious medical needs in this *pro se* civil rights action under 42 U.S.C. § 1983.

Luis Ruiz is currently serving a sentence at the Alger Maximum Correctional Facility in Munising, Michigan. Before January 10, 2001, he was incarcerated at the Marquette Branch Prison ("MBP"). The events underlying Ruiz's claims all occurred during his incarceration at MBP.

For the reasons explained below, we affirm the district court's grant of summary judgment for the Defendants on both of Ruiz's claims of excessive force and

* The Honorable Glen M. Williams, United States District Judge from the Western District of Virginia, sitting by designation.

deliberate indifference to serious medical needs.

## I.

We review the district court's order granting summary judgment *de novo*. *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir.1999). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). We must believe the non-moving party's evidence, and draw all justifiable inferences in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Moreover, we must view the inferences that we draw from those underlying facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### A. Excessive Force Claim

■ Plaintiff Ruiz's excessive force claim surrounds a physical altercation that occurred between Ruiz and Defendant Corrections Officers Kienert, Ninnis, and Mitchell on July 12, 2000, beginning when Officer Ninnis was escorting Ruiz, who was in belly chains, from the shower to his cell and ending when various officers restrained Ruiz by placing him face-down on his cell floor. According to Ruiz, at no time did Ruiz ever assault or spit at the officers or pull at his chain's lead strap.

However, following a major misconduct hearing, the Michigan Department of Corrections ("MDOC") convicted Plaintiff Ruiz of multiple counts of assault. The hearing officer found Ruiz guilty of assault resulting in serious physical injury to Officer Ninnis by spitting in Ninnis' face and try-

ing to "pull the lead strap from his hand." The hearing officer disbelieved Ruiz's claim that "staff assaulted him." The hearing officer also found Ruiz guilty of assault resulting in serious physical injury to Officer Kienert by biting his arm for about 20 seconds, breaking the skin, while Kienert was attempting to subdue Ruiz. Observing that Ruiz had no medical evidence to prove any excessive force, the hearing officer disbelieved Ruiz's statement that he was acting in self-defense against such excessive force. The hearing officer also found Ruiz guilty of assault and battery against Officer Mitchell by kicking him in the "legs and knees several times" while Mitchell was assisting in restraining Ruiz. The hearing officer disbelieved Ruiz's statement that Mitchell was not near Ruiz's legs so that it was impossible for Ruiz to have kicked Mitchell. Ruiz had claimed that Mitchell fabricated "the sequence of events" by stating that Mitchell was at Ruiz's legs rather than at his right arm while on the bed so as to deny his attempt to poke Ruiz's right eye out with his left thumb.

In *Heck v. Humphrey*, the Supreme Court established the so-called "favorable termination rule." 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Court explained that rule as follows:

[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87. According to the Court, any claim for damages that, if successful, would "necessarily imply" the "invalidity of any outstanding criminal judgment against the plaintiff" is not cognizable under § 1983 unless the plaintiff demonstrates that judgment's prior invalidation. *Id.* at 487. The rule promotes the finality of and consistency in judicial resolutions by limiting opportunities for collateral attack and averting the "creation of two conflicting resolutions arising out of the same or identical transaction." *See id.* at 484–485. In *Edwards v. Balisok*, the Court later extended the "favorable termination rule" to a prison disciplinary hearing resulting in the deprivation of good-time credits where the prisoner's § 1983 claim alleging the denial of his due process rights would "necessarily imply" the invalidity of the deprivation of good-time credits. 520 U.S. 641, 646, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (finding that the underlying procedural challenges, due to their particular nature, necessarily imply the invalidity of the imposed punishment).

As this Circuit has noted, generally *Heck* does not bar excessive force claims under the Eighth Amendment. *Huey v. Stine*, 230 F.3d 226, 230–231 (6th Cir. 2000). In *Nelson v. Sharp*, prisoner Nelson's § 1983 claim alleged that a corrections officer used excessive force in violation of the Eighth Amendment when he intentionally injured Nelson's hand by slamming the food slot door on it and leaning his weight on the door. 182 F.3d 918, 1999 WL 520751 (6th Cir.1999). We held that Nelson's § 1983 claim is cognizable under *Heck* as it did not necessarily imply the invalidity of a prison disciplinary finding that "Nelson had refused a direct order to remove his hand from the food slot." *Id.* at **4–5 (finding Nelson's § 1983 claim to present a genuine issue of material fact so as to defeat a motion to dismiss). We reasoned that "the question

of the degree of force ... [that] the prison guard [used] is analytically distinct from the question of whether ... [the prisoner] violated prison rules." *Id.* at *5. As we illustrated, prisoner Nelson's misconduct "would not have justified the guard in hacking off the offending hand with an ax, or spraying the cell with sub-machine gun fire through the food slot." *Id.*

However, in *Huey v. Stine*, we held that *Heck* applies where the Eighth Amendment claim rests "solely on an allegation that a corrections officers falsified a misconduct report." *Id.* at 231. In that case, a hearing officer found prisoner Huey guilty of assaulting a corrections officer in an attempt to obtain a handcuff key. *Id.* at 228. Nevertheless, Huey filed a § 1983 action alleging that the officer's twisting of his arm was cruel and unusual punishment because Huey had done nothing wrong to deserve the punishment. *Id.* at 231. Noting that Huey had not claimed that the officer had used excessive force in response to Huey's attempt to obtain the key, we held that Huey's § 1983 claim for damages was not cognizable because it would necessarily require the invalidation of the hearing officer's assault judgment. *Id.* at 231 (finding *Heck* to apply as Huey's § 1983 claim depended solely on his allegation that the officer falsified the misconduct report). Case law illustrates that whether the *Heck* doctrine bars a particular § 1983 claim is a question that courts must decide on a case-by-case basis. *See Foster–Bey v. Duncan*, 142 F.3d 433, 1998 WL 124002, *1-2, 1998 U.S.App. LEXIS 5077, at **4–5 (6th Cir.1998) (noting that whether a § 1983 claim is cognizable depends upon whether the nature of the underlying claims would undermine the validity of the hearing's decision).

Here, because Plaintiff Ruiz cannot demonstrate the prior invalidation of any of his misconduct convictions, *Heck* bars

his § 1983 suit alleging that Defendant Officers Kienert, Mitchell, and Ninnis used excessive force in violation of the Eighth Amendment because, if successful, it would necessarily undermine the validity of the findings on which Ruiz's assault convictions rest. Even if Plaintiff Ruiz's excessive force claim were anchored in the allegation that the Defendant officers used excessive force in response to Ruiz's misconduct—perhaps because Ruiz was in full restraints at the time, *Heck* would bar such a claim. The hearing officer rejected Ruiz's claim that "he was acting in self defense against excessive force by staff," noting that "Ruiz has no medical evidence to prove any excess force was used against him." This is an implicit finding that none of the Defendant officers ever used excessive force against Ruiz at any point during the incident. Moreover, in responding to Ruiz's grievance, the warden stated that the Defendant officers' "amount of force used was appropriate" because Ruiz had assaulted and resisted them while they were trying to place him into his cell.

In any event, the record, even taken in the light most favorable to Ruiz, demonstrates that Ruiz's excessive force claim is comparable to the claim in *Huey v. Stine;* in essence, Ruiz argues that the Defendant officers' force was excessive because Ruiz had done nothing to warrant any force at all and, thus, that the officers falsified the misconduct reports. For example, according to Ruiz: 1) the Defendant officers attacked him and inflicted "unnecessary and wanton pain" upon him while "there was no prison disturbance necessitating the beating"; 2) Ruiz's criminal convictions for assault rested on prison officials' misrepresentation of the facts surrounding the incident; and 3) Ruiz could not have assaulted the officers because he was in full restraints. Moreover, in the record, Ruiz states that he seeks the dismissal and expungement of the misconduct tickets that the Defendants issued against him. Thus, because Plaintiff Ruiz's excessive force claim, if successful, would necessarily undermine the validity of the disciplinary convictions for criminal assault as well as the veracity of the underlying misconduct reports, *Heck* bars Ruiz's § 1983 suit alleging that Defendant Officers Kienert, Mitchell, and Ninnis used excessive force in violation of the Eighth Amendment. Thus, we affirm the district court's grant of summary judgment on the excessive force claim on the alternate ground that it is not cognizable under § 1983, per *Heck*'s "favorable termination rule."

### B. Deliberate Indifference to Serious Medical Needs Claim

█ Plaintiff Ruiz's claim of deliberate indifference to serious medical needs concerns the alleged lack of treatment that he received while at MBP. Defendant Linda Johnson is the Health Unit Manager. Defendant James Conklin is a chief psychologist, and Defendant Paul Wiese is a staff psychologist. Defendant Dr. Steven Myers is a psychiatrist who treats MBP inmates via a contractual relationship with MDOC. Ruiz claims that Defendants Conklin, Johnson, Myers, and Wiese were deliberately indifferent to Ruiz's serious medical needs when they refused to treat Ruiz for chronic depression and suicidal tendencies. In addition, Ruiz claims that Defendants Dr. Larry Carolyn and Dr. Michael Engelsgjerd, staff physicians, were deliberately indifferent to Ruiz's serious medical needs when they failed to treat Ruiz properly for an elbow injury and hepatitis C.

Deliberate indifference to prisoners' serious medical needs violates the Eighth Amendment as it "constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (internal quota-

tions omitted). Yet, claims of negligent treatment or medical malpractice do not amount to such deliberate indifference. *Id.* at 106. Generally, federal courts are reluctant to "second guess medical judgments and to constitutionalize claims" sounding in state tort law "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment." *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976). To carry his burden of proof at trial, a prisoner must show that the prescribed treatment was "so woefully inadequate as to amount to no treatment at all." *Id.* Whether medical treatment constitutes deliberate indifference to serious medical needs is a mixed issue of law and fact. *Williams,* 186 F.3d at 690.

Here, based on the prison medical records and the doctors' affidavits, the district court held that Dr. Carolyn and Dr. Engelsjerd treated Ruiz for his elbow injury, ordering X-rays and administering pain medication; that Dr. Engelsjerd treated Ruiz for his hepatitis C, deeming Ruiz a poor candidate for a specific treatment that Ruiz requested; and that Dr. Myers, Mr. Wiese, and Mr. Conklin gave Ruiz psychological and psychiatric treatment. Ruiz offered no evidence demonstrating otherwise. Rather, Ruiz's own briefs are replete with references to specific visits and prescribed treatments for all three of his medical needs. Ruiz's deliberate indifference claim must fail because it is, in essence, either a mere disagreement over his doctors' diagnoses and prescribed treatments or, at best, a claim of negligent medical treatment. The facts that Plaintiff Ruiz has presented, if true, would be insufficient for a fact finder to conclude that any of the prescribed treatment was "so woefully inadequate as to amount to no treatment at all," and, thus, deliberate indifference to serious medical needs. Therefore, we affirm the district court's

grant of summary judgment on Plaintiff Ruiz's claim of deliberate indifference to serious medical needs on the ground that the Defendant doctors provided Ruiz with extensive medical care and, consequently, no evidence of any such indifference exists.

The judgment of the district court is affirmed.