File Name: 09a0354n.06

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 08-1257

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**
**May 20, 2009**
LEONARD GREEN, Clerk

LUIS RUIZ

      Plaintiff - Appellant,

v.

GERALD HOFBAUER, in his Individual and Official Capacity as Warden of Marquette Branch Prison; GEORGE PENNELL, in his Individual and Official Capacity as Assistant Warden of Marquette Branch Prison; CAPTAIN SHAWN PLACE, LIEUTENANT UNKNOWN LUOMA, and RESIDENT UNIT OFFICER DOUGLAS KEINERT, in their Individual and Official Capacities as Guards at Marquette Branch Prison; and PATRICIA CARUSO, in her Individual and Official Capacity as Director of the Michigan Department of Corrections,

      Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

_____/

BEFORE:    MARTIN, SUHRHEINRICH, and WHITE, Circuit Judges.

      **BOYCE F. MARTIN, JR., Circuit Judge.**  This is a pro se civil rights action brought by Michigan inmate Luis Ruiz under 42 U.S.C. § 1983. Ruiz contends that the defendants violated his due process rights by tampering with a videotape showing he did not commit an assault upon prison guards for which he received prison disciplinary sanctions and an assault conviction in state court.

The district court dismissed Ruiz's suit as an attack on the length of his sentence, which is not cognizable under § 1983. We AFFIRM.

I.

Luis Ruiz is a prisoner at the Bellamy Creek Correctional Facility in Ionia, Michigan, where he is serving a two-to-four-year sentence for assaulting a prison guard consecutive to an eight-to-twenty-year sentence for assault with intent to do great bodily harm. Ruiz's sentence for assaulting a prison guard arose out of a physical altercation with three guards at Marquette Branch Prison on July 12, 2000. The guards reported that Ruiz spit on them repeatedly as they led him back to his cell from the shower and that he then resisted their attempts to put him into his cell, bit one guard (allegedly to infect him with hepatitis C), and kicked another. Ruiz received four major misconduct sanctions for his alleged role in the incident: two for assault resulting in serious injury (staff victim); one for assault (staff victim); and one for "threatening behavior." On July 20, a department of corrections hearings officer found Ruiz guilty of all four counts. The following week, Ruiz was charged with assault by the Marquette county prosecutor based upon the same conduct. Ruiz pleaded guilty to this charge.

On August 8, Ruiz filed a grievance with prison officials, claiming that the guards had attacked him. This grievance was denied internally. Ruiz then filed a civil suit against the guards and a succession of habeas petitions challenging his assault conviction. His civil claim was eventually dismissed on summary judgment.[1] Ruiz filed the instant suit while his third habeas

---

[1] The suit alleged excessive force and deliberate indifference to medical needs. The district court granted summary judgment for defendants, and this Court affirmed. *Ruiz v. Martin*, 72 F. App'x 271 (6th Cir. 2003). To the extent Ruiz attempts to reintroduce those issues here, they are

petition was pending. It is an action brought under §§ 1983, 1985(3), and 1986 seeking damages arising out of constitutional violations he alleges occurred in connection with the internal investigation and review of the July 12, 2000 incident. Ruiz alleges (1) that defendants violated his rights under the Eighth and Fourteenth Amendments by altering an exculpatory surveillance tape in violation of *Brady v. Maryland*, 373 U.S. 83 (1963);[2] and (2) that defendants conspired with Marquette prosecutors to alter the tape in violation of his right to Equal Protection of the laws (§§ 1985/1986 claim).[3] He seeks $20,000 in compensatory damages and $15,000 in punitive damages from each defendant. He also seeks court-appointed counsel and additional discovery relating to his claims.

The district court dismissed Ruiz's suit for failure to state a claim because it concluded that Ruiz's suit is a challenge to the duration of his confinement. It reasoned that the major misconduct sanctions made Ruiz ineligible to earn disciplinary credits under Michigan law, and that a favorable result would require credits to be reinstated and would thus shorten his sentence. Based upon this finding, the district court held that Ruiz's suit was not cognizable under § 1983. *See Edwards v. Balisok*, 520 U.S. 641, 646-47 (1997). The district court did not address Ruiz's § 1985(3) and § 1986 claims. Ruiz appeals.

_____

barred by res judicata.

[2] The prison does not give prisoners access to security footage for security reasons. The tape was reviewed by prison officials at his disciplinary proceeding and was produced in state court after Ruiz requested it. The judge found that it was neither inculpatory nor exculpatory. Ruiz claims it has been altered.

[3] In his appellate brief Ruiz raises a challenge to the conditions at his current place of confinement. Because this claim was not presented to the district court, we decline to address it.

II.

The standard of review for a district court's dismissal of a complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) is de novo. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Dismissal of a plaintiff's complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.* The Court must read plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

III.

*1. Section 1983 Claims*

*A. Official Capacity*

Ruiz's damages claims against the defendants in their official capacities are barred by the Eleventh Amendment because they are deemed to be against the state itself, and Michigan has not waived its immunity to suit. *See, e.g., Doe v. Wigginton*, 21 F.3d 733, 736-37 (6th Cir. 1994).

*B. Individual Capacity*

Habeas corpus is the sole means for an inmate to challenge the legality or length of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). So damages claims that necessarily imply the invalidity of the defendant's conviction or sentence are not cognizable under § 1983 unless the conviction or sentence has previously been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Otherwise, prisoners would be able to use § 1983 to circumvent the exhaustion requirements of the federal habeas corpus statute. *Preiser*, 411 U.S. at 490-92. This "prior

invalidation" rule extends to challenges to prison disciplinary sanctions that affect the length of the defendant's sentence, such as the loss of "good time" credits. *Edwards*, 520 U.S. at 646-47.

Here, Ruiz alleges that Marquette prison staff and Marquette county prosecutors conspired to alter evidence material to his innocence of the assault for which he received prison sanctions and was later charged in state court. The district court dismissed Ruiz's suit solely based upon its effect on his right to earn disciplinary credits under state law. But that ruling was contrary to this Court's interpretation of Michigan law in *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007). However, we may affirm on any ground supported by the record, *Ley v. Visteon Corp.*, 543 F.3d 801, 805-06 (6th Cir. 2008), and because we find that Ruiz's suit implies the invalidity of his assault conviction, we affirm.

While Ruiz's filings in this case are not altogether clear, it is apparent that his legal theory implicates not only the internal misconduct sanctions he received, but also his subsequent conviction for assault. This conviction, which Ruiz refers to throughout his filings, arises out of the same facts as his misconduct sanctions, was based upon the same evidence, and, he alleges, involved the same *Brady* violation. For example, in his complaint, Ruiz states: "The video tape was matirial [sic] to Plaintiff's case in all cases filed prior to Plaintiff filing his 28 U.S.C. § 2254 writ of habeas corpus presently before this court." The habeas petition Ruiz refers to is not a challenge to any internal sanction he received, but to his assault conviction. This petition alleges essentially the same *Brady* claim as this suit. Likewise, in his appellate brief, Ruiz states:

> Plaintiff has established that the Marquette Prosecutors Gary Walker and Derek Swanjanen committed professional misconduct by withholding the edited video tape done by Superior Reproduction of Marquette at the urgence of defendants Hofbauer,

Caruso, Pennell, Place, Lauma, with advicement [sic] of the Michigan State Police Det./Sgt. Jean Belanger as the collectively had a meeting and reviewed the video tape on July 13, 2000.

These state officials violated Plaintiff[s] Due Process and sought to cover up the infliction of corprol [sic] punishment by editing and altering the video tape of July 12, 2000 acting under color of law committed conspiracy pursuant to 42 U.S.C. § 1985, 42 U.S.C. § 1986. The prosecutors . . . used the badge of their authority to violate Plaintiff's Equal Protection and Due Process rights acting as state official[s].

. . . These defendants retaliated by seeking to maliciously prosecute plaintiff and at the same time edit and alter the video tape withhold [sic] from plaintiff *through the course of every hearing, prison and circuit court with Judge Solka.*

Appellant's Br. at 2-3 (emphasis added). Along the same lines he later states:

These defendants contracted Superior Reproduction of Marquette and the Marquette Prosecutor to discuss the editing and altering the evidence that would have exonerated plaintiff . . . .

The malicious prosecution of plaintiff and the prosecutors and state police making false reports from defendants place critical incident report of July 13, 2000 was a violation of plaintiff's Due Process Rights for the purpose of inflicting Cruel and Unusual Punishment while withholding the video tape from plaintiff *at every stage of the circuit court proceedings after being bound over from the district court where the prosecutor did not produce the video tape for plaintiff's defense.*

Appellant's Br. at 6 (emphasis added). Similarly, in his objections to the magistrate's recommendation and report, Ruiz states: "Plaintiff's disciplinary hearing on July 20, 2000 was conducted in violation of plaintiff's [right to] Due Process and Equeal [sic] protection of the law that lead [sic] to a malicious prosecution in violation of the Eighth Amendment." Shortly thereafter, Ruiz alleges once again: "The Defendants and their subordinates acted with willful intent to violate plaintiff[s] civil rights to maliciously prosecute plaintiff by tampering with '*Brady* exculpatory evidence' and using the prosecutor's office and Michigan State Police to take that evidence and withhold it from palintiff [sic] during the course of the malicious prosecution."

Because Ruiz alleges a *Brady* violation in his assault prosecution, the Supreme Court's decision in *Heck v. Humphrey* is directly on point. *See Heck*, 512 U.S. at 479. As the Court held in *Heck*, a *Brady* violation is a reversible error, so a suit seeking damages for a *Brady* violation necessarily implies the invalidity of the underlying conviction. *Heck*, 512 U.S. at 490 (affirming the court of appeals' holding that the plaintiff's *Brady* claim challenged the legality of his conviction); *see also Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995); *Hale v. Fee*, No. 64-6219, 1995 U.S. App. Lexis 8505 (6th Cir. April 7, 1995). So, because Ruiz's suit attacks the validity of his assault conviction and that conviction has not been previously set aside, he does not have a cognizable claim under § 1983. Accordingly, we affirm the district court's dismissal of Ruiz's § 1983 claim.

### 2. Section 1985(3) and Section 1986 Claims

The district court did not address Ruiz's claims under § 1985(3) and § 1986. However, because Ruiz has failed to state a claim under either theory, we will affirm the district court's dismissal of Ruiz's suit. *Ley*, 543 F.3d at 805-06.

To state a claim under § 1985(3), a claimant must allege both membership in a protected class and discrimination on account of it. *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000). In other words, the suit must allege action because of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Id.* at 559-60 (citing *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 829 (1983)). Ruiz makes no such allegation, so he fails to state a claim under § 1985(3). *See Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir.1998). And, because § 1986 is derivative of § 1985, he also fails to state a claim under § 1986. *See Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir.1980).

IV.

In addition to compensatory and punitive damages, Ruiz seeks appointment of counsel and discovery relating to his civil rights claims. Because we find that he has failed to state a claim under any of his legal theories, we decline to appoint Ruiz counsel or order discovery.

V.

For the foregoing reasons, we AFFIRM the ruling of the district court.