NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0333n.06

Case No. 13-1389

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 28, 2014
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| SHOMARIE L. THURMOND, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| WAYNE COUNTY SHERIFF DEPARTMENT, | ) | |
| et al., | ) | **M E M O R A N D U M** |
| | ) | **O P I N I O N** |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE: DAUGHTREY, McKEAGUE and GRIFFIN, Circuit Judges.

**McKEAGUE, Circuit Judge.** This is a second appeal from a judgment of the district court in this case. The litigation involves numerous claims under federal and state law stemming from plaintiff Shomarie L. Thurmond's arrest and ensuing 35-day detention in Detroit in 2005. In the first appeal, a panel of this court affirmed in part the lower court's summary judgment ruling in favor of defendant police officers and remanded for further proceedings. *Thurmond v. Wayne County*, 447 F. App'x 643 (6th Cir. 2011). On remand, the district court again granted summary judgment to defendants on the outstanding claims and granted defendants' motion for attorney's fees. In this appeal, Thurmond does not directly challenge the summary judgment rulings. Rather, the focus now is on defendants' refusal to cooperate with discovery, which Thurmond says prevented him from adducing evidence to forestall summary judgment. Hence,

Thurmond appeals the district court's post-judgment ruling that (1) denied his motion to vacate judgment under Rule 60(b)(3); (2) denied his motion for imposition of sanctions; and (3) awarded $4,080 in attorney's fees to defendants. R. 144 Order dated 3/29/13, Page ID # 2950. For the reasons that follow, we affirm.

**I**

The case stems from plaintiff Shomarie L. Thurmond's arrest in Detroit on April 7, 2005 and ensuing 35-day detention in jail. Thurmond was undisputedly the victim of mistaken identification, an error precipitated first and foremost by the actions of his cousin, LaBaron Thurmond. LaBaron had falsely identified himself as Shomarie Thurmond when he was arrested one year earlier, on April 15, 2004. LaBaron did not have a driver's license or other personal identification, but gave the arresting officers his cousin's name. LaBaron's identity was not definitively confirmed. Consequently, LaBaron Thurmond was booked and then ordered to appear on May 11, 2004 (to face charges for fleeing, eluding and resisting arrest) under the name Shomarie Thurmond. When neither LaBaron nor Shomarie Thurmond appeared for the May 11 court date, a bench warrant issued for the arrest of Shomarie Thurmond. The warrant was executed eleven months later. On April 7, 2005, Shomarie Thurmond was arrested and detained.

Twelve days later, on April 19, a preliminary examination was conducted. Michigan State Police Trooper James Bunk testified that he had participated in the arrest of the suspect on April 15, 2004, and that the defendant present in the courtroom, Shomarie Thurmond, was the person he had arrested. Trooper Bunk was subject to ineffectual cross-examination by Thurmond's counsel and no additional witnesses were called. Thurmond was bound over for trial and remanded to custody, where he remained in jail until his mother posted bond in the amount of $350 to obtain his release on May 11, 2005. The charges against Shomarie Thurmond

were dismissed on July 26, 2005, when the Wayne County Prosecutor confirmed, upon comparison of photographs of the two suspects, that the defendant in custody was not actually the same person Trooper Bunk had arrested one year earlier after fleeing and resisting arrest.

This lawsuit followed. Originally filed in state court, the action was removed to federal court in April 2007 based on federal question jurisdiction. In his second amended complaint, Thurmond asserts state law claims for false arrest, false imprisonment and malicious prosecution, as well as federal civil rights claims. Named as defendants are the Wayne County Sheriff Department and Sheriff Deputies Rodgers, Mears and Jones; and Michigan State Police Troopers Bunk and Crawford. Thurmond alleges that defendants, upon arresting and detaining him, ignored his protestations of innocence and, due to their gross negligence, recklessness and intentional misconduct, failed to conduct a reasonable investigation to ensure they had arrested the person who committed the crime for which the bench warrant had issued.

The district court essentially granted summary judgment to all defendants on all claims, denied Thurmond's motion for default judgment (which he sought as a sanction for misconduct by defendants in discovery), and awarded attorney's fees to defendant Wayne County in connection with a complaint filed by Thurmond in a separate action. The court granted defendants' motions for summary judgment because Thurmond failed to oppose the motions on the merits with evidence of actionable wrongdoing by any of the defendants. To the extent Thurmond's erroneous detention was attributable to Trooper Bunk's false testimony at the preliminary examination, the claims were held barred by absolute testimonial immunity. R. 87, Order Dismissing Case at 7-8, Page ID # 1314-15. The court denied Thurmond's motion for default judgment, finding that although Thurmond had not been provided all the records he requested, defendants had ostensibly provided all the records they possessed, and that, in any

event, Thurmond had failed to show misconduct sufficiently serious to warrant default judgment in his favor. *Id.* at 6-7, Page ID # 1313-14. The district court assessed attorney's fees in the amount of $4,080 to Thurmond's attorney, Rick Martin, payable to the Wayne County defendants, upon finding that Attorney Martin had engaged in "contumacious conduct" by filing an "unviable and duplicative action" and unreasonably requiring the County to incur unnecessary expenses in defending the action. E.D. Mich. No. 2:08-cv-10309, R. 12, Order Dismissing Case at 4, Page ID # 317.

In Thurmond's first appeal, a panel of this court affirmed in part and reversed in part. The court affirmed the award of summary judgment in favor of all defendants on Thurmond's federal law claims, except Trooper Bunk. *Thurmond*, 447 F. App'x at 648-53. The court reversed the dismissal of the state law claims against all defendants because the district court had not explained their dismissal. The court also reversed the dismissal of the federal law claims against Trooper Bunk because the claims were arguably based in part on malfeasance outside the scope of testimonial immunity. The court also affirmed the denial of Thurmond's motion for default judgment without prejudice to his right to pursue other sanctions on remand. *Id.* at 647. Finally, the court vacated the award of attorney's fees pending explanation by the district court of the legal basis for the award. *Id.* at 654.

On remand, after hearing oral arguments on June 15, 2012, the district court granted defendants' renewed motions for summary judgment in a ruling from the bench, thus disposing of all outstanding claims against the defendants. R. 124, Order, Page ID # 2242. Again, the district court held Thurmond had failed to adduce evidence creating a triable fact issue on any essential element of any of his claims. In so ruling, the court declined to grant Thurmond the

benefit of any adverse inference arising from defendants' alleged refusals to comply with discovery requests. This summary judgment ruling has not been challenged on appeal.

The day before the hearing on the summary judgment motions, Thurmond had filed a renewed motion for imposition of sanctions, asking the court to award him attorney's fees and costs associated with defendants' withholding of materials subject to discovery. A month later, Thurmond relied on similar grounds in moving the court to vacate its summary judgment ruling under Fed R. Civ. P 60(b)(3), contending the judgment was procured by fraud, misrepresentation, or misconduct by defendants. The district court denied both motions on March 29, 2013. R. 144, Order, Page ID # 2950. In the same opinion, the court reinstituted its earlier order requiring Thurmond's counsel to pay attorney's fees in the amount of $4,080, explaining that the fees were assessed under 28 U.S.C. § 1927. In this appeal, Thurmond challenges each of these latter three rulings.

## II

### A. Motion to Vacate Judgment

The availability of relief from judgment under Rule 60(b)(3) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). Accordingly, the party seeking relief under Rule 60(b)(3) bears the burden of showing entitlement to such relief by clear and convincing evidence. *Info-Hold*, 538 F.3d at 454. Thurmond was thus obliged to show by clear and convincing evidence that defendants deliberately engaged in some act of fraud, misrepresentation or other misconduct that adversely affected the fairness of the proceedings. *Id.* at 455.

We review the district court's denial of relief for abuse of discretion. *Id.* at 453-54. "A court abuses its discretion when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Jones v. Illinois Central R. Co.*, 617 F.3d 843, 859 (6th Cir. 2010) (quoting *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008)). Thurmond contends the district court misapplied the correct legal standard.

The grounds on which Thurmond seeks relief are not new to the case. The motion for relief under Rule 60(b)(3) is substantially a repackaging of Thurmond's motion for default judgment, filed on February 29, 2008. R. 44, Motion for Default Judgment, Page ID # 461. That is, the discovery abuses Thurmond complains of have received abundant judicial attention from early on.

The magistrate judge first heard oral arguments on the motion for default judgment on April 9, 2008. The magistrate judge concluded that the motion should be denied. The magistrate judge determined that Thurmond had been granted more materials than he had requested and had not been prejudiced by delays, as the discovery deadline was extended and additional depositions were authorized. R. 66, Hearing Transcript, Page ID # 906. Subsequently, the district court, after a second hearing, denied the motion for default judgment on December 29, 2008, in conjunction with its original award of summary judgment to all defendants on all claims. R. 87, Order Dismissing Case at 6-7, Page ID # 1313-14.

Insofar as Thurmond argued that defendants' resistance to his discovery requests had prevented him from adducing factual support for his claims, the district court was unsympathetic. The court concluded that some of the records Thurmond requested simply were no longer available, but that there was no evidence of improper spoliation of evidence; that some of the

requested information could have been obtained by Thurmond in other ways, in the exercise of reasonable diligence; and that Thurmond had failed to give non-speculative reasons to believe any additional disclosures would materially support his claims against the named defendants. R. 89, Hearing Tr. at 1-61, Page ID # 1328-88.

The denial of the motion for default judgment was affirmed on appeal. *Thurmond*, 447 F. App'x at 647. In the process, the case was remanded for further proceedings, not principally because the district court's rulings were found to be in error, but because some aspects of the rulings were ill-explained (i.e., dismissal of the pendent state law claims, dismissal of the claims against Trooper Bunk to the extent some bases of the claims were beyond the protection of testimonial immunity, and legal authority for imposition of sanctions on Thurmond's attorney). Thus, when this case was last remanded, the discovery abuses complained of by Thurmond had been considered by the magistrate judge, and by the district judge in relation to both Thurmond's motion for default judgment and defendants' motions for summary judgment, and their determinations that such misconduct had not materially affected adjudication of the merits were upheld on appeal.

On remand, the district court established a dispositive motion deadline of December 21, 2011. Thurmond timely filed a motion to remand the state law claims to state court. The district court denied the motion, opting to continue exercising supplemental jurisdiction under 28 U.S.C. § 1367. R. 121, Order, Page ID # 2213. Defendants timely filed motions for summary judgment. Thurmond opposed, contending that Trooper Bunk's questionable testimony and defendants' flagrant abuses of the discovery process precluded summary judgment. That is, even though we had already upheld the district court's application of testimonial immunity and denial of default judgment, Thurmond continued to resist summary judgment on the same failed

grounds. This time, however, Thurmond argued that defendants' discovery abuses warranted sanctions in the form of adverse inferences and preclusion of evidence. Defendants maintained that apart from Trooper Bunk's erroneous testimony, for which he was immunized, none of the named defendants was ever in such a position as to have had the duty to uncover either the fraud in LaBaron's false identification of his cousin or the error in Trooper Bunk's testimony.

The district court heard arguments on June 15, 2012, some five years after the case was commenced. The court gave Thurmond's counsel opportunity to identify evidence of alleged wrongdoing by each of the five named defendants, one by one, but he was unable to do so. R. 128, Hearing Tr., Page ID # 2342. Instead, he continued to rely on arguments to the effect that if the transcript of the preliminary examination had been earlier disclosed, or if the prosecution file had not been prematurely destroyed, or if the complete contents of the warrant packet had been disclosed, then he *might* have uncovered evidence showing who knew about Thurmond's assertion that the wrong man had been arrested. Unconvinced by speculative arguments that further proceedings might yield grounds to believe the named defendants were liable for the misidentification, the court ruled from the bench, granting all defendants summary judgment on all outstanding claims. To the extent Thurmond's claims against Trooper Bunk depended on allegations of malfeasance outside the scope of testimonial immunity, the court concluded that Thurmond had shown no more than negligence. The court's summary judgment ruling was memorialized in a one-page order on June 19, 2012, "for the reasons stated on the record." R. 124, Order, Page ID # 2242. Thus, again, the district court considered the impact of alleged discovery abuses in adjudicating the merits of Thurmond's claims and ruled against Thurmond again. This summary judgment ruling has not been challenged on appeal.

Yet, the case was still not over. The court noted in the June 15 hearing that Thurmond had just filed a renewed motion for sanctions the day before. This motion sought recovery of attorney's fees incurred by Thurmond in responding to defendants' abuses of the discovery process. R. 123, Renewed Motion, Page ID # 2220. It had not been noticed for hearing, so consideration of the renewed motion for sanctions was deferred until after defendants were able to file a written response. The court also deferred ruling on the County defendants' memorandum regarding the legal basis for the court's earlier award of $4,080 in attorney's fees. In the meantime, the court suggested the parties try to resolve their remaining differences.

There would be no such negotiated resolution. Even before defendants filed their response to the renewed motion for sanctions, Thurmond had moved to vacate the summary judgment ruling under Rule 60(b)(3). Thus, again, without challenging the merits of the summary judgment rulings, in which all of his claims had been adjudicated and found wanting, Thurmond continued to trumpet the same asserted discovery abuses that had already been addressed and dismissed multiple times, as grounds for new and different forms of relief. Without conducting a further hearing, the district court decided the remaining issues in a twelve-page opinion on March 29, 2013. R. 144, Order, Page ID # 2950. The court addressed each of six main grievances and explained why none of them warranted relief, under Rule 60(b)(3) or in the award of attorney's fees to Thurmond.

Given this summary of the tortured procedural history, we now turn to the present question, i.e., whether Thurmond has shown an abuse of discretion in the district court's determination that he failed to show, by clear and convincing evidence, such fraud or misconduct adversely affecting the fairness of the proceedings as to warrant vacating the summary judgment rulings---where the grounds asserted are substantially the same grounds already addressed and

rejected by the district court both in previously denying Thurmond's motion for default judgment and in granting defendants' motions for summary judgment. The motion for Rule 60(b)(3) relief is supported by more thorough briefing, but is not based on any new revelations of misconduct or any intervening change in controlling law. It is thus, in effect, a substitute for a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), a motion that would have been denied as untimely and meritless. *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (stating that Rule 59(e) motion cannot be used as a vehicle to re-argue a case or to present new arguments that could have been raised prior to judgment); *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (same).

Yet, neither does naming it a Rule 60(b)(3) motion for relief from judgment legitimize Thurmond's continued protraction of these proceedings by re-arguing issues already raised and decided. Ordinarily, Rule 60(b) relief is not available to remedy misconduct known to the movant before judgment entered. *See Jones v. Illinois Central R. Co.*, 617 F.3d 843, 851-52 (6th Cir. 2010). Here, not only were the complained of instances of misconduct known to Thurmond's counsel prior to judgment, but they were persistently asserted as grounds for relief and repeatedly addressed by the district court. The notion that the district court can be made, via different procedural vehicles, to repeatedly revisit issues already decided, runs afoul of the "law of the case" doctrine. *See Bowles v. Russell*, 432 F.3d 668, 676-77 (6th Cir. 2005) ("The law of the case doctrine generally discourages courts from reconsidering determinations that the court made in an earlier stage of the proceedings." (quoting *United States v. Graham*, 327 F.3d 460, 464 (6th Cir. 2003))). Moreover, the notion that the very same discovery abuses that have been held (1) not to warrant default judgment (as affirmed on appeal), and (2) not to forestall summary judgment (as affirmed on appeal in part and otherwise not challenged on appeal),

nonetheless justify vacating the judgment is facially implausible---especially where Thurmond remains unable to identify how the misconduct materially prejudiced prosecution of his claims against the named defendants.

Thurmond insists that he need not show prejudice to obtain relief under Rule 60(b)(3). It is enough, he argues, to demonstrate that defendants' counsel made misrepresentations that interfered with the orderly progress of discovery. Indeed, Thurmond need not show that he would have been entitled to judgment in his favor but for defendants' counsel's misrepresentations; only that the misconduct "adversely affected the fairness of the proceedings." *Info-Hold*, 538 F.3d at 455. The district court applied this standard and we find no abuse of discretion in the district court's holding that Thurmond failed to make the required showing.

In its March 29, 2013 opinion, the district court addressed each of the discovery abuses that Thurmond now cites on appeal. R. 144, Order, Page ID # 2950. The district court held that defendants' counsel's apparent misrepresentation about his not having possession of the six-page transcript of the July 26, 2005 hearing (at which the criminal charges against Thurmond were dismissed) did not adversely affect the fairness of the proceedings because the transcript was a public record available to Thurmond's counsel on request and, in any event, the transcript does not reveal, as Thurmond hoped, the identity of the officer(s) who arrested him. Thurmond insists that counsel's misconduct constitutes an impermissible withholding and concealment that warrants relief under Rule 60(b)(3) irrespective of the transcript's availability and irrespective of the materiality of its contents. We disagree. While counsel's misrepresentation, whether inadvertent or deliberate, is regrettable, there is no reason to believe it adversely affected Thurmond's ability to prosecute his claims.

The district court also found no grounds for relief in defendants' failure to produce the Michigan State Police Fugitive Arrest Team Report, even though it had been listed as a trial exhibit by counsel for the County defendants. Thurmond faults the district court for accepting unsworn statements by (1) the State Troopers' counsel that no such report existed; and (2) the County defendants' counsel that the report was mistakenly listed as an exhibit based on an erroneous assumption that the State Police had arrested Thurmond. Thurmond insists that an evidentiary hearing is required to ascertain the truthfulness of counsel's statements. Again, we find no abuse of discretion in the court's acceptance of counsel's assurances at face value. Thurmond has presented no grounds for belief that any such fugitive arrest team report does in fact exist or that counsel's statements are misrepresentations.

The district court rejected Thurmond's argument that the prosecutor's warrant request packet was wrongfully withheld. Thurmond was not satisfied that the County defendants had disclosed all materials relating to the arrest of LaBaron Thurmond for fleeing and eluding arrest in 2004. Based on Trooper Bunk's description of the usual contents of a warrant packet, "if applicable," Thurmond insists that some documents that should have been included in the packet were not disclosed (e.g., suspect's driving history and criminal history). Again, the court accepted counsel's representation that all available records (i.e., incident reports, investigator's report, abandoned vehicle report and other supplemental documents) had been produced. Thurmond's suppositions about what other materials should have been included and his speculation about their materiality to his claims simply do not amount to clear and convincing evidence of misconduct adversely affecting the fairness of this litigation.

Thurmond has persistently complained about the "premature" destruction of the Wayne County Prosecutor's file. Even though this lawsuit was commenced some twenty months after

the charges against him were dismissed, and even though the undisputed record evidence shows that prosecution files in dismissed cases are not archived, but are routinely destroyed after a sixty-day retention period, Thurmond insists the record does not establish that his file was in fact destroyed. If it was not destroyed, he contends, defendants' withholding of it constitutes misconduct. Again, we find no abuse of discretion in the district court's determination that Thurmond has failed to show entitlement to relief under Rule 60(b)(3) by clear and convincing evidence.

Finally, Thurmond challenges the district court's failure to grant relief based on the County defendants' counsel's unjustified delay in producing jail records. Although the given reasons for some of the delays are questionable, the district court held that Thurmond had not presented clear and convincing evidence of deliberate misconduct. Further, it appears that all requested records were ultimately disclosed well before the expiration of the extended discovery period. Thurmond argues that the delayed production nonetheless hindered his attorney's effective examination of various deponents. However, the record does not show *how* the delays adversely affected the fairness of the litigation. We cannot therefore find that the district court abused its discretion.

In conclusion, it is clear that Shomarie Thurmond was the victim of mistaken identification. It is also clear that his arrest and detention, in connection with an offense committed by his cousin LaBaron Thurmond, are causally linked to two undisputed facts. First, upon being arrested in April 2004, LaBaron *falsely* gave police officers his cousin's name and LaBaron was booked and detained under the name Shomarie Thurmond. When a related bench warrant was subsequently issued and then executed in April 2005, it was Shomarie, not LaBaron, who was arrested and his assertion of his innocence, not an unusual circumstance, was paid little

heed. Second, at the ensuing preliminary examination twelve days later, the only witness, Trooper Bunk, testified under oath and to the best of his recollection, but *erroneously*, that the man then in the courtroom at counsel table was the same man he arrested a year earlier.

These two facts causally contributed to Thurmond's arrest and detention until he was released on bond shortly after the preliminary examination. None of the named defendants can be held liable for the harm caused by the above two facts. Thurmond has vigorously endeavored to uncover evidence of *other* actionable wrongdoing by the defendants. Defendants' counsel responded in ways not satisfactory to Thurmond and the ensuing discovery disputes required judicial supervision and management from early on. The effects of those disputes were argued by the parties and fully considered by the district court in relation to both of its summary judgment rulings, the merits of which are not before us. The rulings that Thurmond ultimately failed to adduce evidentiary support for his claims are not challenged. Still, Thurmond relies on substantially the same discovery disputes in now urging us to find the district court abused its discretion when it refused to vacate its judgment and allow further proceedings on the failed claims---even though there is still, several years later, no evidence that any of the defendants causally contributed to Thurmond's injuries in an actionable way.

Considering this history and for the reasons detailed above, we find no grounds for holding that Thurmond was denied a fair opportunity to litigate his claims. There are no valid grounds for disturbing the finality of the judgment in this case. The district court did not abuse its discretion in denying Thurmond's motion for relief from judgment under Rule 60(b)(3).

**B. Renewed Motion for Sanctions**

Thurmond also challenges the district court's denial of his renewed motion for sanctions, in the form of attorney's fees, for defendants' discovery abuses. Thurmond contends the district

court conflated and misapplied the applicable standards of review when it addressed the motion for sanctions in conjunction with the motion for relief from judgment. We review for abuse of discretion. *See Universal Health Group v. Allstate Ins. Co.*, 703 F.3d 953, 955-56 (6th Cir. 2013); *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011). Under this standard, we will reverse only if firmly convinced that a mistake affecting substantial rights has been made. *Dortch v. Fowler*, 583 F.3d 396, 400 (6th Cir. 2009).

Yes, the district court ruled on the two motions at the same time and found it convenient to consolidate its analysis of the two motions in the same opinion. R. 144, Order, Page ID # 2950. It was sensible to do so.

Recall the chronology. When the denial of Thurmond's motion for default judgment (based on discovery abuses) was affirmed on appeal, the panel expressly noted that the affirmance was without prejudice to Thurmond's right to pursue other sanctions on remand. *Thurmond*, 447 F. App'x at 647. Yet, Thurmond did not file his renewed motion for sanctions until June 14, 2012, one year after the appellate ruling, six months after the dispositive motion cut-off set by the district court on remand, and one day prior to the scheduled hearing on defendants' motions for summary judgment. The district court refrained from considering the motion for sanctions at the June 15 hearing and instead deferred consideration until defendants had the opportunity to respond. Hence, the motion for sanctions in the form of attorney's fees was not addressed until months after the court had already awarded summary judgment to defendants on all outstanding claims. In granting defendants' motions for summary judgment, the court had already rejected many of Thurmond's discovery-abuse arguments for a second or third time. And by the time the court took up the renewed motion for sanctions, Thurmond had also filed his motion to vacate judgment under Rule 60(b)(3) based on substantially similar

grounds. It was therefore sensible for the court to take up the motions together and, in doing so, the court correctly acknowledged the respective standards of review, each motion being committed to its discretion, but only the motion for Rule 60(b)(3) requiring clear and convincing evidence. R. 144, Order at 4-6, Page ID # 2953-55.

As the court proceeded to analyze each of the most serious instances of alleged misconduct and failed to find, in the exercise of its discretion, that any of them justified relief from judgment, it is unsurprising that the court also found, in the exercise of its discretion, that none of the misconduct warranted post-judgment imposition of sanctions in the form of attorney's fees. Nor has Thurmond persuaded us that the district court, despite the imprecision of its explanation, abused its discretion in any way. Considering the district court's greater familiarity with the lawyers and their ongoing relations, its judgment in managing discovery-related obligations is entitled to great deference. Just as Thurmond has failed to show that any alleged misconduct by defendants' counsel adversely affected the fairness of the litigation, he has also failed to firmly convince us the district court, by refusing to award him attorney's fees, made an error of judgment that affected his substantial rights. Although defendants' counsel's conduct may have made discovery more difficult, it is evident for the reasons set forth above that Thurmond ultimately had a fair opportunity to substantiate his claims.

## C. Re-Imposition of Attorney's Fees Sanction

On remand, the district court re-imposed the sanction of attorney's fees in the amount of $4,080 on Thurmond's counsel. The court based the sanction on its finding, under 28 U.S.C. § 1927, that Thurmond's counsel had engaged in contumacious conduct when he unreasonably and vexatiously multiplied proceedings. The offensive conduct consisted of counsel's January 22, 2008 filing of an "unviable and duplicate" complaint in a new action, *Thurmond v. Wayne*

*County, et al.*, E.D. Mich. No. 2:08-cv-10309, based on the same occurrences that are the subject of the instant action.  R. 144, Order at 11-12, Page ID # 2960-61.  This filing was deemed to have caused counsel for Wayne County, one of the named parties common to both actions, to incur unnecessary expenses in defending against the new action by filing a motion to dismiss and a motion for sanctions, before Thurmond's counsel finally stipulated to dismiss the complaint in December 2008.  We review for abuse of discretion.  *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 644 (6th Cir. 2006).

Thurmond's counsel does not contend there was any legitimate purpose for filing the new action.  Rather, he contends the court lacked jurisdiction to impose the sanction and that the County's expenses were not reasonably incurred, because the new complaint was never served on any of the defendants.  Irrespective of the court's personal jurisdiction over the named defendants in the new action, the court clearly had jurisdiction, as a collateral matter, to impose a sanction under 28 U.S.C. § 1927 on an attorney appearing before it who abused the judicial process.  See *Red Carpet Studios*, 465 F.3d at 644-45.  We flatly reject the jurisdictional challenge.

Nor do we find any abuse of discretion in the imposition of the sanction.  Thurmond's counsel had ignored opposing counsel's reasonable requests to voluntarily withdraw the complaint, necessitating the filing of a motion to dismiss and motion for sanctions.  Thurmond's counsel had also failed, without excuse, to timely comply with the court's order to file written responses to the two motions.  E.D. Mich. No. 2:08-cv-10309, R. 4, Order to Respond, Page ID # 275.  He finally agreed to voluntarily dismiss the complaint only after being confronted by the district court in a hearing on December 9, 2008, eleven months after the complaint was filed.  E.D. Mich. No. 2:08-cv-10309, R. 18, Hearing Tr., Page ID # 343.  We find no error in the

district court's ruling that Thurmond's counsel needlessly and unreasonably multiplied proceedings.  The sanction imposed is measured and not unreasonable.

## III

Accordingly, all of appellant Thurmond's claims of error having been duly considered and denied, we **AFFIRM** the rulings and judgment of the district court.